## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

GILBERTO MELENDEZ,            :
      Plaintiff,            :          CASE NO. 3:13-CV-2117
              :
v.            :
              :          (JUDGE NEALON)
MEDICAL DIRECTOR RONALD   :
LONG, ET AL.,            :
      Defendants            :


## MEMORANDUM

## Background

On August 9, 2013, Plaintiff, Gilberto Melendez, an inmate confined at the

State Correctional Institution in Huntingdon, Pennsylvania ("SCI- Huntingdon")

filed this instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  On

January 10, 2014, Defendants filed a motion to dismiss, or in the alternative, a

motion for summary judgment, a brief in support, and a statement of facts.  (Docs.

15, 16, 17).  On February 3, 2014, Plaintiff filed an amended complaint.  (Doc. 18).

On February 11, 2014, this Court issued an Order dismissing Defendants' motion

to dismiss, or in the alternative for summary judgment, accepting Plaintiff's

amended complaint as filed, and directing service of the amended complaint on

Defendants.  (Doc. 19).  On March 14, 2014, Defendants filed a second motion to

dismiss, or in the alternative, motion for summary judgment, a brief in support, and

a statements of facts.  (Docs. 20, 21, 22).  On March 28, 2014, Plaintiff filed a brief

in opposition.  (Doc. 23).  The motion is now ripe for review, and will be construed

as a motion for summary judgment in accordance with Rule 12(d) of the Federal

Rules of Civil Procedure.[1]  For the reasons set forth below, the Defendants' motion

for summary judgment will be granted.

## Standard of Review

"A party may move for summary judgment, identifying each claim or defense

- or each part of each claim or defense - on which summary judgment is sought."

FED. R. CIV. P. 56(a).  To prevail on a motion for summary judgment, a moving

party must show that "there is no genuine dispute as to any material fact and that

the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The

burden of showing that no genuine issue of material fact exists rest initially on the

---

[1]Rule 12(d) of the Federal Rules of Civil Procedure states:

> If, on a motion under Rule 12(b)(6) or 12( c), matters outside
> the pleadings are presented to and not excluded by the court,
> the motion must be treated as one for summary judgment under
> Rule 56.

FED. R. CIV. P. 12(d).  In the case at hand, because Defendants have presented
medical records that were not addressed in the amended complaint and are thus
matters outside the pleadings, this Court is obligated to construe the instant motion
as a motion for summary judgment under Rule 56 of the Federal Rules of Civil
Procedure.

moving party.  A fact is material if proof of its existence or nonexistence might

affect the outcome of the suit under the applicable substantive law.  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

     If no material fact is in dispute, a moving party need only establish that it is

entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  However, where

there is a disputed issue of material fact, summary judgment is appropriate only if

the factual dispute is not a genuine one.  Anderson, 477 U.S. at 248.  An issue of

material fact is genuine if "a reasonable jury . . . could find for the nonmoving

party."  Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  "This burden . . .

may be discharged by 'showing' . . . that there is an absence of evidence to support

the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

     If a properly supported motion for summary judgment has been made, the

burden shifts to the nonmoving party to "set forth specific facts showing that there

is a genuine issue for trial."  FED. R. CIV. P. 56(e); Anderson, 477 U.S. at 247-48.

"No issue for trial exists unless a nonmoving party can demonstrate sufficient

evidence favoring the nonmoving party such that a reasonable jury could return a

verdict in that party's favor."  Metsopulos v. Runyon, 918 F. Supp. 851, 860

(D.N.J. 1996) (citing Anderson, 477 U.S. at 249).

     It is noted that, "where a nonmoving pro se litigant fails to file a responsive

Local Civil Rule 56.1 statement of undisputed material fact, a court may draw the relevant facts underlying the claims from available sources such as the complaint, deposition testimony, [and] the moving litigant's Local Civil Rule 56.1 statement of undisputed material facts and supporting exhibits." Athill v. Speziale, No. 06-4941(SDW), 2009 U.S. Dist. LEXIS 55446, *5 (D.N.J. June 30, 2009) (citing Jordan v. Allgroup Wheaton, 218 F. Supp. 2d 643, 646 n.2 (D.N.J. 2002), aff'd, 95 Fed. Appx. 462 (3d Cir. 2004)).  This is consistent with a plethora of case law applying leniency to pro se litigants' compliance with procedural requirements. See, e.g., Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

Summary judgment should be granted by a federal court "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000).  "[A] court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor" in making this determination. Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994).  The court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990).  In deciding a motion for summary

judgment, the court's function is not to make credibility determinations, weigh

evidence, or draw inferences from the facts.  Anderson, 477 U.S. at 249.  Rather,

the court must "determine whether there is a genuine issue of material fact."  Id.

**Discussion**

　　In his amended complaint, Plaintiff is alleging that Defendants violated his

Eighth Amendment right to medical care because: (1) Defendant Dr. Poland failed

to prescribe the prescription drug Relafen, which had been prescribed for Plaintiff

in the past to treat pain caused by degenerative joint disease; (2) Defendant Nurse

Practitioner Gonzales did not give him access to Dr. Poland or review Plaintiff's

medical records that showed he had previously been prescribed Relafen; and (3)

Dr. Long failed to inform him that the Relafen he prescribed for Plaintiff was

available to be picked up by Plaintiff, and "failed to investigate this situation" after

Plaintiff sent him a request slip.  (Doc. 18, pp. 3-6).  He argues that, after several

request slips were submitted, none of these Defendants told him to come pick up

his medicine.  (Id. at 6).  For relief, Plaintiff requests: (1) a declaration that

Defendants violated his rights; (2) compensatory and punitive damages; (3) a jury

trial on all issues triable by jury; and (4) any other relief deemed necessary.  (Id. at

7).

　　In the summary judgment motion, Defendants argue that the amended

complaint fails to state a cognizable claim because Defendants were not deliberately indifferent to a serious medical need.  (Doc. 20).  With regards to Defendant Dr. Poland, it is asserted that his only involvement in the matter related to one (1) sick call visit on December 7, 2012, for renewal of Plaintiff's pain management medications, and that the record reflects that Defendant Dr. Poland ordered medications, including Extra Strength Tylenol and Perrigo Ammonium Lactate lotion, that were picked up by Plaintiff in December of 2012.  (Id. at pp. 2-4).  Thus, it is argued that Plaintiff failed to set forth facts sufficient to support the allegation that Defendant Dr. Poland acted with deliberate indifference to a serious medical need because this Defendant provided Plaintiff with medical care.  (Id.).

With regards to Defendant Gonzales, it is asserted that Plaintiff has failed to set forth sufficient facts that she acted with deliberate indifference to a serious medical need because Defendant Gonzales saw him for a sick call on December 17, 2012.  (Id. at 6).  Her refusal to let Plaintiff speak with Defendant Dr. Poland and to order medications that had already been ordered did not amount to deliberate indifference because she had provided medical care to Plaintiff.  (Id.).

Regarding Defendant Dr. Long, Defendants assert that Plaintiff has failed to set forth sufficient facts that Dr. Long acted with deliberate indifference to a serious medical need because Plaintiff only asserts that Defendant Dr. Long failed

to investigate complaints submitted by Plaintiff as to why he was not told to pick up the Relafen Dr. Long prescribed.  (Doc. 20, p. 6).  Defendants argue that Dr. Long provided medical care, and, therefore, was not deliberately indifferent to Plaintiff's serious medical needs.

Lastly, Defendants argue that to the extent that Plaintiff argued that the staff showed an unreasonable standard of care in an attempt to raise a professional negligence claim, Plaintiff's claim fails because he failed to file a certificate of merit.  (Id.).[2]

Defendants' statement of facts reflect the following: (1) the Medication Administration Records ("MAR") shows that Plaintiff picked up Extra Strength Tylenol on December 10, 2012 that had been ordered by Defendant Dr. Poland on December 7, 2012; (2) Plaintiff had picked up his prescription for Ammonium Lactate lotion on December 3, 2012; (3) Nabumetone, a substitute for Relafen,  was ordered on September 9, 2012, picked up by Plaintiff, and discontinued on September 19, 2012; (4) Nabumentone was re-ordered on September 19, 2012, but this prescription was not picked up by Plaintiff until October 17, 2012, and included a thirty (30) day supply of sixty (60) tablets; (5) the prescription for

---

[2]In his brief in opposition, Plaintiff states that he is not raising a medical negligence claim.  (Doc. 23, p. 3).  As such, this Court will only be addressing Plaintiff's Eight Amendment denial of medical care claim.

Nabumetone expired on November 17, 2012; (6) Nabumetone was not prescribed in December of 2012; (7) Dr. Long restarted the Nabumetone prescription on January 28, 2013; (8) the MAR reflects that Nabumetone ordered by Dr. Long was not picked up in January, February, or March of 2013; and (9) the remainder of the 2013 MAR calendar reflects that Nabumetone was not prescribed anytime thereafter.  (Doc. 22, pp. 1-3).

Initially, it is determined that although this Court has the authority to treat Defendants' statement of material facts as undisputed, doing so would be inconsistent with the tradition of leniency given to pro se litigants in their compliance with procedural requirements.  Plaintiff responded to the motion for summary judgment, albeit not in conformance with Local Rule 56.1, with a brief in opposition.  For the court to ignore these facts and grant the motion for summary judgment based merely upon Plaintiff's failure to follow perfect procedure would bypass the merits analysis required by Federal Rule of Civil Procedure 56.  See Spencer v. Biggins, 2013 U.S. Dist. LEXIS 149829, *3-4 (M.D. Pa. 2013) (Rambo, J.) (excusing the pro se plaintiff's failure to conform with Local Rule 56.1 because his brief in opposition to the summary judgment motion demonstrated that he disputed facts in the defendants' statement of material facts).

However, it is determined that Plaintiff has not disputed any of the facts from

the Statement of Facts; rather, in his "Response to Defendants['] Motion to Dismiss Plaintiff[']s Amended Complaint & For Summary Judgment," Plaintiff admits that: (1) he picked up the Extra Strength Tylenol and Ammonium Lactate lotion in December of 2012; (2) he had previously been prescribed Nabumetone from September of 2012 through November of 2012; (3) he was not prescribed Nabumetone in December of 2012; and (4) he was re-prescribed Nabumetone in January of 2013, which he never picked up.  (Doc. 23, pp. 2-4).  As such, it is determined that Defendants' Statement of Facts is undisputed, and this Court need only determine whether Defendants are entitled to judgment as a matter of law.

Plaintiff has failed to prove that Defendants engaged in deliberate indifference to a serious medical need in violation of his Eighth Amendment rights. For a plaintiff to establish a constitutional violation of his right to medical care, he must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003); Robinson v. Shannon, 2005 U.S. Dist. LEXIS 45832, *8 (M.D. Pa. 2005) (Vanaskie, J.).  Mere disagreement as to proper care does not support a finding of deliberate indifference.  Fetters v. Beregovskaya, 2007 U.S. Dist. LEXIS 2101, *12 (M.D. Pa. 2007) (Muir, J.) ( citing White vs. Napoleon, 897 F.2d at 108-110 (3d Cir. 1990)).  Further, "[a]n allegation of

deliberate indifference, by its very nature, precludes those periods of time where Plaintiff did receive medical care." Wishnefsky v. Salameh, 2009 U.S. Dist. LEXIS 124600, *15 (W.D. Pa. 2009).

Here, Plaintiff complains that because Defendant Dr. Poland failed to prescribe Relafen, because Defendant Gonzales failed to allow him to see Defendant Dr. Poland for a second sick call and failed to review his medical records, and because Defendant Dr. Long did not tell him to pick up the Relafen he prescribed for him, these Defendants all acted with deliberate indifference to the pain resulting from degenerative joint disease and hepatitis. (Doc. 18, pp. 3-6). However, as stated, mere disagreement as to proper care does not support a finding of deliberate indifference, especially in a case where medical attention was provided to a plaintiff. Plaintiff admits that he received immediate medical care from all Defendants on several occasions as requested. (Id.). The mere fact that Plaintiff did not agree with Defendant Dr. Poland's recommendation that he take Extra Strength Tylenol, and his decision not to prescribe Relafen, is not enough to prove that Defendant Dr. Poland acted with deliberate indifference because medical care was provided. Similarly, Defendant Gonzales saw Plaintiff for a sick call as requested, and her unwillingness to allow Plaintiff to see Defendant Dr. Poland does not amount to the level of deliberate indifference because she provided

Plaintiff with medical care.  (Doc. 18, pp. 3-6).  Furthermore, Defendant Dr. Long provided medical care to and prescribed Relafen for Plaintiff, and did not have the obligation to notify Plaintiff to pick up the Relafen he prescribed in January of 2013; he, too, therefore did not act with deliberate indifference to Plaintiff's serious medical needs.

Additionally, because medical care was provided by all these Defendants, their alleged failure to notify Plaintiff that his Relafen was ready to be picked up does not amount to deliberate indifference to a serious medical need.  Defendants Dr. Poland and Gonzales had not prescribed Relafen and thus cannot be said to have knowledge that this medicine was prescribed and ready to be picked up. Instead, it was prescribed by Defendant Dr. Long; however, the fact that Dr. Long prescribed Relafen does not indicate that he had knowledge of when this prescription was ready for pick up at the pharmacy.  Furthermore, even if he did have knowledge that this medicine was ready for pick up, the fact remains that Defendant Dr. Long provided medical care to Plaintiff and prescribed the precise medication Plaintiff had been requesting; as such, Defendant Dr. Long did not act with deliberate indifference to Plaintiff's serious medical needs.

While it is acknowledged that Plaintiff has serious medical needs, including degenerative joint disease and hepatitis, the record before the Court fails to show

that Defendants acted with deliberate indifference to these needs because medical care was provided each time as requested.  Plaintiff's mere disagreement as to the standard of care he received is not enough to prove deliberate indifference, nor is the Defendants' alleged failure to notify Plaintiff when the Relafen was ready to be picked up.

## **Conclusion**

As discussed, summary judgment should be granted by a federal court "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000).  "[A] court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor" in making this determination.  Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994).

In the case at hand, it is determined that the facts are undisputed. Furthermore, Plaintiff has admitted that some medical care was provided by all Defendants, and in accordance with aforementioned case law, these Defendants have thus not acted with deliberate indifference to a serious medical need. Therefore, Defendants' summary judgment motion will be granted, and summary

12

judgment will be entered in these Defendants' favor.  Based on the foregoing,

Plaintiff's motion for leave to amend the complaint will be dismissed as futile, and

his motions to file a second amended complaint will be deemed withdrawn due to

failure to file briefs in support.

**Date**: March 30, 2015

/s/ **William J. Nealon**
**United States District Judge**